PER CURIAM.
The Florida Department of Health and Rehabilitative Services [HRS] appeals from an order quashing an inspection warrant that allowed HRS to inspect the unredacted medical records of patients of V.M.R., Inc. We affirm.
On October 26, 1989, the trial court issued to HRS an administrative warrant[1] to inspect V.M.R.’s clinic. The warrant allowed HRS to “enter and inspect the above described premises and to inspect any records pertaining to the patients....” (emphasis added). V.M.R. and two women who had undergone abortions at the clinic moved to quash the warrant, alleging that the inspection of unredacted medical records by HRS without the patients’ consent was not authorized by statute and violated the confidentiality provisions of section 455.241(2), Florida Statutes (1989). The trial court granted the motion to quash the warrant; we affirm.
Under Section 455.241(2), Florida Statutes (1989), patient records may not be furnished to or discussed with “any person other- than the patient or his legal representative or other health care providers involved in the treatment of the patient, except upon written authorization of the patient.” Records of abortion clinic patients are to be treated as medical records. § 390.012(l)(b), Fla.Stat. (1989). The legislature has granted an exception to The Department of Professional Regulation [DPR], which licenses and regulates physicians. DPR may obtain patient records pursuant to a subpoena without written authorization from the patient in certain specified circumstances. § 455.241(2), Fla. Stat. No such statutory authority has been accorded to HRS.
*945 The confidentiality of patient records mandated by § 455.241(2) is not affected by Chapter 390 of the Florida Statutes, which grants HRS the authority to license and regulate abortion clinics in Florida. Pursuant to section 390.019, “[t]he department shall make or cause to be made an inspection of an abortion clinic prior to licensing such clinic, and it shall make such additional inspections and investigations as may be necessary to assure compliance with this act.” HRS was also given the authority to develop and enforce rules providing for the “making, protection, and preservation of patient records.” § 390.012(l)(b), Fla.Stat. HRS’ grant of legislative authority to inspect the clinics and to promulgate rules relating to record-keeping does not, however, encompass the right to examine patient records that reveal the patient’s name, address, and personal medical history.
V.M.R. has offered to make available to HRS patient records with the names of the patients redacted to preserve confidentiality. That offer would appear to satisfy the needs specified in HRS’ application for the inspection warrant and would protect the privacy of the patients and the confidentiality of the medical records.
Absent any statutory authority for inspecting the unredacted patient records, HRS was not entitled to access to those records.
AFFIRMED.

. See §§ 933.20-933.30, Fla.Stat. (1989).